IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| OEL CAMERUTA FROMETA, § | |
| KENNYS RODRIGUEZ CUTINO, § | |
| YASMANI OSCAR FERNANDEZ § | CIVIL ACTION NO.16-3493 |
| SUAREZ, CARLOS WONG § | |
| FACENDA, JUAN HERRERA, § | |
| AND DANIEL ALEJANDRO § | |
| ARREOLA MORALES, § | |
| individually and on behalf of all § | |
| others similarly situated § | |
| § | |
| **Plaintiffs** § | |
| § | |
| vs. § | |
| § | |
| PROGRESSIVE INTEREST INC. § | |
| § | |
| **Defendant** § | |

## PLAINTIFFS' ORIGINAL COMPLAINT
## AND COLLECTIVE ACTION

Plaintiffs OEL CAMERUTA FROMETA, KENNYS RODRIGUEZ CUTINO, YASMANI OSCAR FERNANDEZ SUAREZ, CARLOS WONG FACENDA, JUAN HERRERA, and DANIEL ALEJANDRO ARREOLA, file this, their Original Complaint and Collective Action against PROGRESSIVE INTEREST INC., to recover unpaid wages, overtime compensation, liquidated damages, attorney's fees, and costs under the provisions of the Fair Labor Standards Act of 1938.

### SUMMARY

1. Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA establishes overtime requirements for covered employees. 29 U.S.C. § 207(a). The FLSA enforcement mechanisms prevent employers from pilfering away the salary rightfully earned by their employees.

2. Defendant Progressive Interest Inc. (hereinafter referred to as "Defendant") required and/or permitted various employees to work in excess of forty hours per week, but refused to compensate them for such hours at the overtime rate.

3. Consequently, Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for their overtime work. *See* 29 U.S.C. § 207(a).

4. Plaintiffs Oel Camerota Frometa, Kennys Rodriguez Cutino, Yasmani Oscar Fernandez Suarez, Carlos Wong Facenda, Juan Herrera, and Daniel Alejandro Arreola (hereinafter referred to as "Plaintiffs") are hourly workers currently, or formerly, employed by Defendant. Defendant violated and continues to violate the FLSA by failing to compensate Plaintiffs for all hours worked over forty at the FLSA mandated rate of time and one half their regular rate of pay.

5. Defendant likewise did not pay proper overtime to other similarly situated workers. Plaintiffs bring this collective action to recover unpaid overtime compensation owed to them and on behalf of all other similarly situated employees, current and former, who worked for Defendant any time during the three years prior to the filing of this lawsuit. Members of the Collective Action are hereinafter referred to as "Class Members."

### SUBJECT MATTER JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7. Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in this District.

### PARTIES AND PERSONAL JURISDICTION

8. Plaintiff, Oel Camerota Frometa, is an individual residing in Harris County, Texas.

9. Plaintiff, Kennys Rodriguez Cutino, is an individual residing in Harris County, Texas.

10. Plaintiff, Yasmani Oscar Fernandez Suarez, is an individual residing in Harris County, Texas.

11. Plaintiff, Carlos Wong Facenda, is an individual residing in Harris County, Texas.

12. Plaintiff, Juan Herrera, is an individual residing in Harris County, Texas.

13. Plaintiff, Daniel Alejandro Arreola, is an individual residing in Harris County, Texas.

14. The Class Members are Defendant's current and former non-exempt employees working at one or more of Defendant's locations in the United States.

15. Defendant Progressive Interest Inc. is a Texas corporation. Defendant may be served through its registered agent for service, Anthony J. Hepburn at: 6105 Maple Street, Houston, TX 77074.

16. This Court has personal jurisdiction over Defendant because Defendant is a Texas corporation. The exercise of jurisdiction over Defendant is, therefore, consistent with the constitutional requirements of due process.

## FLSA Coverage

17. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

18. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

19. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant have had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

20. At all material times, Plaintiffs and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

21. Furthermore, Defendant has had, and continues to have, an annual gross business volume in excess of the statutory standard of $500,000.

22. Defendant controlled the hours to be worked by Plaintiffs and Class Members. Thus, Defendant is directly liable for the violations in this case.

## Facts

23. Defendant is an electrical contractor company.

24. Defendant hired Plaintiffs and Class Members to primarily perform manual labor. Defendant schedules Plaintiffs and Class Members to work between 60 and 120 hours per week.

25. Although Defendant's employees regularly worked more than forty hours per week, they were subject to a company-wide practice of not being compensated at the FLSA mandated overtime rate.

26. The FLSA requires that employers compensate their employees who work more than forty hours per week at a rate of "one and one-half times the regular rate." 29 U.S.C. § 207(a).

27. Class Members were subject to the same payroll practice.

28. Defendant's method of paying Plaintiffs and Class Members was willful and was not based on a good faith and reasonable belief that its conduct did not violate the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiffs have actual knowledge that Class Members have been denied overtime pay for hours worked over forty in a week and want to join this collective action.

30. Class Members worked over forty hours per week, but were not paid for such time.

31. Class Members were not paid overtime at the rate of one and one-half times their regular rate when those hours exceeded forty in a work-week.

32. Consequently, Defendant has denied Class Members full compensation for their hours worked over forty.

33. Class Members perform or have performed the same or similar work as Plaintiffs.

34. Class Members are not exempt from receiving overtime under the FLSA.

35. As such, Class Members are similarly situated to Plaintiffs in terms of work similarities, pay structure and/or the denial of overtime.

36. Defendant's failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members.

37. Plaintiffs' experiences, with respect to their pay, are typical of the experiences of the Class Members.

38. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

39. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

40. Although the issue of damages may be individual in character, there remains a common nucleus of liability facts.

41. As such, the class of similarly situated Plaintiffs is properly defined as follows:

> **All current and former employees who worked for Defendant during the three year period prior to the filing of this complaint to the present.**

### PLAINTIFFS' OVERTIME WAGE CLAIM (COLLECTIVE ACTION)

42. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

43. Defendant's practice of failing to pay Plaintiffs and Class Members the time-and-a-half rate for hours in excess of forty per workweek violates the FLSA. 29 U.S.C. § 207.

44. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant or Plaintiffs and Class Members.

### ACCOUNTING

45. Plaintiffs and Class Members are owed wages which equal the sum of regular and overtime compensation not paid by Defendant. Plaintiffs do not know the precise amount of compensation due and were required to submit the hours they worked to Defendant. Thus, Defendant possesses records from which the amount of compensation due and owing to Plaintiffs and Class Members herein can be determined. Further, the amounts of interest and penalties owed to Plaintiffs are based on the amounts of compensation owed by Defendant. This amount can only be determined by examining the books and records in the possession of Defendant.

### DAMAGES SOUGHT

46. Plaintiffs and Class Members are entitled to recover their unpaid overtime compensation.

47. Plaintiffs and Class Members are entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

48. Plaintiffs and Class Members are entitled to recover attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

### PRAYER

49. For these reasons, Plaintiffs respectfully request judgment to be entered in their favor, awarding them and the Class Members the following relief:

 1. Unpaid overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

2. An equal amount of unpaid wages as liquidated damages as required under the FLSA;

3. Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA;

4. Pre-judgment and post judgment interest at the highest rates allowed by law;

5. An order requiring Defendant to correct its pay practices going forward; and

6. Such other relief to which Plaintiffs and Class Members may be entitled, at law or in equity.

Respectfully submitted,

*/s/ Joe Jones*_____
JOE JONES
Federal Bar No. 2771417
State Bar No. 24076466
jjones@sloanfirm.com
SLOAN LAW FIRM
3000 Smith Street, Suite 4
Houston, Texas 77006
Telephone    713-520-8833
Facsimile     713-520-9933

LEAD ATTORNEY IN CHARGE
FOR PLAINTIFF AND CLASS
MEMBERS